# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| ABDULRAHMAN TIJANI, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:17-CR-0410-MHC-RDC-1 |
| UNITED STATES, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:20-CV-0359-MHC-RDC |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered under the above criminal docket number. The matter is before the Court on the § 2255 motion [Doc. 34] and Respondent's April 2020 response [Doc. 44].[1] The time has passed for Movant to file a reply, and the matter is ready for disposition. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability are due to be denied.

------

[1] Respondent, in an earlier response, stated that the government did not contest the timeliness of the motion to vacate. [Doc. 38 at 2].

I.   **Background**

The grand jury for the Northern District of Georgia charged Movant in a twenty-five count indictment with:  (1-12) theft of public funds, in violation of 18 U.S.C. §§ 641 and 2; (13-24) aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2; and (25) making a false statement in a federal immigration form application, in violation of 18 U.S.C. § 1001.  [Doc. 13 at 1-5].  Movant, represented by Kevin Chastine, entered into a plea agreement with the government and pleaded guilty to counts seven, nineteen, and twenty-five of the indictment.  [Doc. 23-1].  The Court accepted the guilty plea.  [Doc. 42 at 46].  By judgment entered on August 14, 2018, the Court imposed a total forty-eight month term of imprisonment.  [Doc. 29].  Movant did not file a direct appeal.

Movant now seeks collateral relief on the following grounds:  counsel was ineffective for (1) failing to file an appellate brief when there were several cognizable issues [Doc. 34 at 5]; (2) meeting with Movant for only forty or forty-five minutes, minimizing the import of Movant's case [id. at 5, 6]; and failing to pursue several cognizable issues and subject the government's case to an adversarial testing, i.e., (3) failing to investigate witnesses and government agents for exculpatory evidence and failing to investigate Movant's "co-defendants" in regard to theft and aggravated

2

identity theft [id.]; (4) informing Movant that counsel would push for a minor-role decrease if he signed a plea agreement and then failing to do so [id.]; (5) failing to challenge restitution where certain (non-specified) substantive acts were not attributable to Movant [id. at 5]; and (6) informing Movant that his discovery was not too incriminating and that his sentence would be minimal if he signed a plea agreement [id. at 6]. Movant also asserts (7) "proportionality of sentencing" in regard to the sentence imposed on Anthony Adewale Oloko.[2] [Id. at 5, 8].

For relief, Movant asks the Court "to reduce his sentence by reason of egregious errors committed by his counsel, in the interest of justice." [Id. at 9]. Movant does not state that he wishes to challenge the validity of his guilty plea and proceed to trial on all twenty-five counts. In light of Movant's prayer for relief, his assertions on what counsel told him would happen if he pleaded guilty are not construed to attack the validity of Movant's guilty plea.

---

[2] Oloko was charged in another case before this Court; pleaded guilty to one count of theft of public money and one count of aggravated identity theft; and was sentenced, before Movant pleaded guilty, to a total fifty-one month term of imprisonment. United States v. Oloko, No. 1:17-cr-0330-MHC-JFK-2 (N.D. Ga. Feb. 14, 2018).

II.   **Standard**

A.   **28 U.S.C. § 2255**

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The § 2255 movant bears the burden to establish his or her right to collateral relief, Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015), which is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," and "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 164, 166 (1982).

Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (quoting Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988)).  A constitutional claim of ineffective assistance of counsel, which generally cannot be fully litigated on direct appeal, is

4

properly raised on collateral review in order to allow for adequate development and presentation of relevant facts.  Massaro v. United States, 538 U.S. 500, 505-09 (2003).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.'"  Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (quoting § 2255(b)).  An evidentiary hearing is required when a § 2255 movant alleges facts that, if proven, warrant relief.  Aron v. United States, 291 F.3d 708, 714–15 (11th Cir. 2002) (stating "district court must hold an evidentiary hearing where court cannot state conclusively that the facts alleged by petitioner, taken as true, would present no ground for relief" (citing United States v. Yizar, 956 F.2d 230, 234 (11th Cir. 1992)).  As shown in the discussion below, Movant has not alleged facts that, if true, warrant relief, and he is not entitled to an evidentiary hearing.

### B.   Ineffective Assistance of Counsel

Movant asserts ineffective assistance of counsel, to which Strickland v. Washington, 466 U.S. 668 (1984), applies.  A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance.  Id. at 687.  To show constitutionally ineffective assistance of counsel, a movant must establish (1) that counsel's representation was deficient and (2) that counsel's deficient representation

prejudiced the movant.   Id. at 690-92.   The Court may resolve an ineffective assistance claim based on either of the above prongs.   Pooler v. Sec'y, Fla. Dep't of Corr., 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first, deficiency prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.  Under the second, prejudice prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

III.   **Discussion**

A.   **Ground One – Failure to File Appellate Brief**

In the plea agreement, Movant agreed to plead guilty to three counts of the twenty-five count indictment and voluntarily and expressly waived the right to appeal or collaterally attack his conviction and sentence on any ground, with exceptions for an upward departure from the guideline range, ineffective assistance of counsel, or filing a cross-appeal.  [Doc. 23-1 at 1, 14].  In exchange, the government agreed to

6

dismiss the remaining twenty-two counts, to bring no further charges related to the charges to which Movant was pleading guilty, to recommend that Movant receive a three-level offense level decrease based on acceptance of responsibility (subject to certain restrictions), and to recommend that Movant receive a one-level downward variance at sentencing.  [Id. at 1, 5-6, 10-12].

At sentencing, the Court found that Movant's total offense level was eighteen (which included a three-level decrease for acceptance of responsibility).  [Doc. 43 at 64-65].  The government additionally requested a one-level downward variance, which the Court granted, yielding a total offense level of seventeen, with a guideline range of twenty-four to thirty months, plus a mandatory twenty-four consecutive months for count nineteen.  [Id. at 67, 79].  The Court imposed a total forty-eight month term – a  twenty-four month term, at the low end of the guideline range for counts seven and twenty-five, plus a mandatory twenty-four consecutive month term for count nineteen.  [Id. at 79].

In ground one of his motion to vacate, Movant states that "counsel's failure to file an appellate brief" was ineffective when there were "several cognizable issues."

[Doc. 34 at 5].  Cognizable issues are construed to include restitution (ground five) and sentencing proportionality and reasonableness (ground seven).  [Id. at 5, 8].[3]

Respondent argues that Movant's assertion that counsel was ineffective fails (1) because Movant does not contend that counsel refused to file an appeal after Movant specifically instructed him to do so and (2) because in the circumstances – Movant "executed an appeal waiver as part of his plea agreement, ultimately received a low-end Guideline sentence, [and] obtained the dismissal of 22 of 25 counts of the indictment" – counsel did not have an affirmative duty to consult with Movant in regard to filing an appeal.  [Doc. 44 at 13, 26-29].

To show that counsel was ineffective for failing to file a notice of appeal, the defendant must demonstrate that counsel's failure was objectively unreasonable and prejudiced the defendant.  Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000). Reasonable assistance requires a lawyer to file an appeal when instructed, and "a lawyer who disregards specific instructions from the defendant to file a notice of appeal" performs deficiently.  Id. at 477.  Prejudice will be presumed if the defendant

_____

[3] Movant's grounds two, three, four, and six pertain to ineffective assistance by counsel at the trial level, and ineffective assistance of trial counsel claims generally are not properly raised on appeal.

shows that counsel failed to follow specific instructions to file an appeal.  Id. at 483.

Absent specific instructions to file an appeal, counsel provides professionally unreasonable service by failing to consult with the defendant regarding an appeal if "a rational defendant would want to appeal" or the "defendant reasonably demonstrated to counsel that he was interested in appealing."  Id. at 480.  "In answering the question of whether a rational defendant would want to appeal his sentence, it is relevant to ask whether there are any potential non-frivolous grounds for appeal, whether there was a guilty plea, and whether the plea expressly waived the right to appeal."  Otero v. United States, 499 F.3d 1267, 1271 (11th Cir. 2007) (holding that absent an argument that an appeal-waiver exception applies, "any appeal taken by Otero would have been frivolous and would have been an appeal that no rational defendant would have taken").  In addition to showing deficiency for failure to consult, a movant also must show prejudice.  Flores-Ortega, 528 U.S. at 484 (stating that to show prejudice when counsel fails to consult with a defendant regarding an appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed").  A general and conclusory allegation that counsel did not file an appeal is insufficient to show that counsel was ineffective.  Ray v.

9

United States, 4:07-CR-139-A, 2009 WL 1683403, at *3 (N.D. Tex. June 12, 2009) ("Movant does not allege that counsel failed to consult with her regarding an appeal or that she requested counsel file an appeal and he failed or refused to do so. Under these circumstances, movant has failed to demonstrate that counsel's performance fell below a constitutionally deficient standard." (citing Flores-Ortega, 528 U.S. 470) (no pinpoint citation provided)).

An assertion that counsel did not file an appellate brief on the issues of sentence proportionality and restitution – without any factual allegation that Movant requested counsel to file appeal, that Movant reasonably demonstrated an interest in filing an appeal, or that counsel failed to consult with him in regard to filing an appeal – is factually insufficient to show that counsel was deficient or to warrant a hearing. See Ray, 2009 WL 1683403, at *3. Further, the record shows that no rational defendant would have wanted to appeal.  Movant's conviction followed a plea agreement and waiver of appeal, which limited appealable issues. At sentencing, Movant received the benefit for which he bargained – a three-level decrease for acceptance of responsibility, an additional one-level downward variance, and the dismissal of twenty-two counts.  Further, Movant received a sentence at the low end of the guideline range for counts seven and twenty-five.  None of the exceptions to

10

Movant's appeal waiver apply,[4] and the facts show no rational basis for an appeal. See Otero, 499 F.3d at 1271 (holding that absent an argument that an appeal-waiver exception applies, "any appeal taken by Otero would have been frivolous and would have been an appeal that no rational defendant would have taken").  Movant has not carried his burden of showing that he is entitled to collateral relief on ground one.

### B.     Ground Two – Time with Counsel

At the plea hearing, the following discussion occurred, with Movant under oath.

BY THE COURT:

Q.  Mr. Tijani, do you feel you've had sufficient time to think about and discuss this matter fully with your attorney before entering your plea of guilty here today.

A.  I – I don't think so. We have talked several times and my – when they first arrested me, the same statement I make, I agree to what I involved, and that's why I enter the plea of guilty.

Q.  Well, do you need more time to talk to your lawyer about this plea agreement and about your entry of your plea of guilty?

A.  No.

Q.  Okay. Because you just told me you didn't think you had enough time to talk to him, so I want to make sure that you have had enough

---

[4]  Movant's appeal waiver is valid, as stated in the discussion on ground seven further below.

time to think about and talk to your lawyer before entering your guilty plea today.

So I need to know if you need more time, or if you've had enough time; so which is it?

A.  I think I have enough time.

Q.  Okay.  I'm giving you this chance now, though. If you need more time, you need to tell me now.  And I'll give you as much time as you need to talk to your lawyer about this if you feel you need more time.

A. You mean today?

Q. I'll give you today.  If you want to put this off to another time, I will give you more time to discuss this with your lawyer.

A.  I'm okay.

Q.  Are you sure?

A. Yeah.

[Doc. 42 at 15-17].  The Court then asked counsel for his perspective, and counsel responded that they had had enough time and, after taking a moment to speak with Movant, assured the Court that they were ready to proceed.  [Id. at 17].

In ground two, Movant contends that counsel met with him for only forty or forty-five minutes, minimizing the import of Movant's case.  [Doc. 34 at 5, 6]. Ground two fails because it is affirmatively contradicted by Movant's statement

under oath that he and his counsel had talked *several* times and because Movant assured the Court, in response to the Court's careful questioning, that he had received enough time to discuss his case with counsel.  See Winthrop-Redin v. United States, 767 F.3d 1210, 1217 (11th Cir. 2014) ("[S]olemn declarations in open court carry a strong presumption of verity." (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)); United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) ("When a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false.").

## C.   **Ground Three -- Investigation**

Movant contends that counsel was ineffective for failing to investigate witnesses and government agents for exculpatory evidence and for failing to investigate Movant's "co-defendants" in regard to theft and aggravated identity theft. [Doc. 34 at 5, 6].  Respondent argues that this ground fails because, *inter alia*, Movant's conclusory assertion is insufficient to show prejudice.  [Doc. 44 at 19-20].

The habeas petitioner has the burden of affirmatively proving prejudice for an ineffective assistance of counsel claim, and a "conceivable effect" on the proceedings does not show prejudice.  Wood v. Allen, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting Strickland, 466 U.S. at 693); see also Hill v. Moore, 175 F.3d 915, 923 (11th

Cir. 1999) (holding that, absent proffer of evidence, the petitioner could not show prejudice based on counsel's failure to introduce such evidence); United States v. Hilliard, 752 F.2d 578, 580-81 (11th Cir. 1985) ("[A]ppellant clearly failed to show that she was prejudiced.  Appellant has failed to provide any examples of evidence that would have been introduced or new lines of defense that could have been pursued if her attorney had interviewed the government's witnesses").

Here, Movant's general assertion that counsel failed to investigate, without any proffer, is insufficient to show prejudice.  Ground three fails.

### D.   Ground Four – Minor Role

 The Presentence Investigation Report (PSR) did not recommend that Movant receive an adjustment to his offense level based on his being a minor participant. [PSR ¶ 42; see Doc. 43 at 3].  Prior to sentencing and at sentencing, Movant, through counsel, objected and argued that he was entitled to a decrease based on his being a minor participant.  [PSR ¶ 42; Doc. 27 at 9; Doc. 43 at 3, 56-59].  The Court overruled the objection.  [Doc. 43 at 60].

Movant asserts in ground four that counsel was ineffective for informing Movant that he would push for a minor-role decrease if he signed a plea agreement

14

and then failing to do so.  [Doc. 34 at 5, 6].  Respondent argues that this ground fails because it is simply false.  [Doc. 44 at 13].

The Court agrees with Respondent.  Ground four fails because it is affirmatively contradicted by the record.

### E.    Ground Five – Restitution

Movant argues that counsel provided ineffective assistance in failing to challenge "restitution, where substantive acts [were] not attributable to him" ("substantive acts" are non-specified).  [Doc. 34 at 5].

An order of restitution cannot be challenged in a § 2255 proceeding.  Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (agreeing that "claims seeking relief other than release from custody cannot be brought pursuant to § 2255" (citing United States v. Thiele, 314 F.3d 399, 402 (9th Cir. 2002)).  Further, an ineffective assistance of counsel claim, premised on a failure to properly challenge restitution, also does not challenge a movant's custody and is not cognizable in § 2255 proceedings.  See id.; see also Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326, 1327-28 (11th Cir. 2010) (finding that Mamone foreclosed using § 2255 to challenge restitution as being erroneous because of counsel's failures); Blaik v. United States, 161 F.3d 1341, 1343 (11th Cir. 1998) (finding that § 2255 was not available for a

15

restitution claim that had been raised via the "constitutional vehicle" of an ineffective assistance of counsel claim).

Movant's ground five fails because the amount of restitution, and counsel's related performance, cannot be challenged in a § 2255 proceeding.

### F.      Ground Six – Promise of Minimal Sentence

In the plea agreement, Movant agreed that he was subject to a maximum ten-year term of imprisonment on count seven; a maximum and mandatory/consecutive minimum two-year (twenty-four month) term of imprisonment on count nineteen; and a maximum five-year term of imprisonment on count twenty-five. [Doc. 23-1 at 3-4]. Movant agreed that the Court could impose up to the maximum terms and that no one could predict his exact sentence at the time of his plea. [Id. at 4-5].

At the plea hearing, Movant informed the Court that no one had caused him to plead guilty by making him any promises other than those in the plea agreement and that no one had many a promise on what his actual sentence would be. [Doc. 42 at 14]. The government and the Court reviewed the maximum and mandatory terms of imprisonment to which Movant would be subject, and Movant stated that he understood. [Id. at 35-38].

16

Movant now argues that counsel provided ineffective assistance by informing Movant that his discovery was not too incriminating and that his sentence would be minimal if he signed a plea agreement.  [Doc. 34 at 6].  Respondent argues that this ground fails because it is contradicted by Movant's sworn answers at his plea hearing. [Doc. 44 at 14].

To the extent Movant intends to argue that counsel erroneously promised him a particular sentence, his claim fails.  Based on Movant's sworn testimony, he understood (1) that the Court could impose a maximum term of up to ten years on count seven, a maximum term of up to five years on count twenty-five, and would impose a mandatory and consecutive two-year (twenty-four month) term on count nineteen and (2) that no one could predict his exact sentence at the time of his plea. Otherwise, the Court finds no deficiency by counsel or prejudice to Movant.  By pleading guilty, Movant (1) received a low guideline sentence of twenty-four months on counts seven and twenty-five and the mandatory twenty-four month term on count nineteen and (2) received the benefit of not risking trial, conviction, and sentencing on all twenty five counts.  Ground six fails.

17

G.      **Ground Seven – Sentence Proportionality**

In the plea agreement, Movant voluntarily and expressly waived the right to appeal or collaterally attack his conviction and sentence on any ground, with exceptions for an upward departure from the guideline range, ineffective assistance of counsel, or filing a cross-appeal.  [Doc. 23-1 at 1, 14].  At the plea hearing, the government reviewed the terms of the plea agreement, including the appeal waiver, and Movant stated to the Court that he agreed with the government's review and understood the plea agreement.  [Doc. 42 at 10-14].  The Court further reviewed the appeal waiver with Movant, explaining that except for three limited exceptions Movant was giving up his right to appeal and to collaterally attack his conviction and sentence, and Movant stated that he understood.  [Id. at 40-42].

Subsequently, the Court imposed sentence and explained that the Court had sentenced Oloko to a longer sentence than Movant.  [Doc. 43 at 86].  Movant, through counsel, objected that Oloko's sentence was only three months longer, when Movant's role was significantly less significant than Oloko's.  [Id. at 87].  The Court

stated for the record, that "[Movant] and Mr. Oloko were fairly equally culpable in this case and I think the record, the preponderance of the evidence, supports that."[5]

Movant now asserts "proportionality of sentencing" in relation to the sentence imposed on Oloko.  [Doc. 34 at 5, 8].  Respondent argues, *inter alia*, that any claim on the proportionality or reasonableness of Movant's sentence is foreclosed by the appeal waiver.  [Doc. 44 at 20-22].

An appeal waiver is valid if a defendant enters into it knowingly and voluntarily.  See Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) (involving waiver of right to directly appeal or collaterally challenge sentence); United States v. Bushert, 997 F.2d 1343, 1350-55 (11th Cir. 1993) (same).  A waiver is valid and enforceable if the government demonstrates that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy or (2) the record clearly shows that the defendant otherwise understood the significance of the waiver.  Bushert, 997 F.2d at 1351.

---

[5] In addition to his convictions for theft of public money and aggravated identity theft, Movant also was convicted on a third charge, count twenty-five for making a false statement.  [Doc. 29].  Oloko was charged and convicted only for one count of theft of public money and one count of aggravated identity theft.  See supra n.3.

Here, it is apparent that Movant entered into a valid appeal waiver, and any challenge to the proportionality or reasonableness of his sentence is foreclosed. Ground seven fails.

## IV.    Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Melton v. Sec'y, Fla. Dep't of Corr., 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

The undersigned recommends that a COA should be denied because it is not reasonably debatable that Movant fails to show that he is entitled to collateral relief. If the Court adopts this recommendation and denies a COA, Movant is advised that

20

he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2255 Proceedings for the United States District Courts.

## V. **Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, set aside, or correct his federal sentence [Doc. 34] and a certificate of appealability be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion from the assigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 28th day of August, 2020.

REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE